UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


CARLOS GABRIEL PEREZ VALENCIA,  )      CASE NO.  4:10 CV 0728
                                )
            Petitioner,         )      JUDGE DONALD C. NUGENT
                                )
        v.                      )
                                )
                                )
NORTHEAST OHIO CORRECTIONAL,    )      MEMORANDUM OF OPINION
                                )      AND ORDER
            Respondent.         )


Pro se petitioner Carlos Gabriel Perez Valencia filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.  Petitioner, who was incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.), asks this court to change his release date by adjusting the number of Good Conduct Time (GCT) days to which he believes he is entitled.

*Background*

Mr. Valencia is serving a 60 months sentence imposed by the United States District Court for the Northern District of Illinois on November 23, 2007.  United States v. Valencia, No.

1:06cr948 (N.D. Il. 2006). He is scheduled for release from his federal sentence on April 23, 2010.

In March 2009, he filed an Inmate Request to Staff Member grievance with the Records Office at N.E.O.C.C. wherein he complained his release date was not being computed in accordance with 18 U.S.C. § 3624(b). The grievance was denied with the following explanation from the Records Office Manager, Mrs. McDonough: "You will get 54 days a year totaling 216 days. On your last year you will only get 19 days because you will only serve 4 mos. 8 days. Therefore you will receive a total of 235 days of Good Conduct Time." (McDonough to Valencia Response of 3/27/09).

Mr. Valencia protested the denial, arguing his GCT should be calculated on the basis of the 60 month sentence the court imposed, not on the actual amount of time he will serve. He attaches a Ninth Circuit Court of Appeals opinion to support his argument that the BOP is improperly denying him 39 days of GCT. See United States v. Barber, 225 Fed. Appx. 596 (9th Cir. filed Mar. 19, 2007). The Barber opinion, however, flatly rejects Mr. Valencio's argument. In Barber, the Ninth Circuit held that the appellant's contention, that GCT calculation should be based on the sentence imposed, was foreclosed by Mujahi v. Daniels, 413 F.3d 991 (9th Cir. 2005), cert. denied __ U.S.__, 126 S.Ct. 2287(2006).

### Standard of Review

Once an application for a writ of habeas corpus is filed, a judge "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (emphasis added.) Based on the facts set forth below, petitioner is not entitled to habeas relief in this matter.

2

*Exhaustion*

Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981). While it is clear Mr. Valencia initiated the administrative exhaustion process, there is no evidence he completed it. The court takes notice, however, that the exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory requirement, but instead, is a wholly judicially created requirement. See Wesley v. Lamanna, No. 01-3426, 2001 WL 1450759 (6th Cir. Oct. 30, 2001). Unlike a Prison Litigation Reform Act imposed exhaustion requirement, the judicially created administrative remedy exhaustion requirement does permit waiver of further exhaustion in the face of futility. Aron v. LaManna, No. 00-3834, 2001 WL 128349 (6th Cir. Feb. 6, 2001) (citing McKart v. United States, 395 U.S. 185, 200 (1969) ("petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply").

Resort to administrative remedies is futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." James v. United States Dept. of Health and Human Services, 824 F.2d 1132, 1139 (D.C. Cir.1987). Whether petitioner abandoned the exhaustion process or procedurally defaulted, further exhaustion would be futile in his case. The issue about which he complains has been settled as a matter of law. Thus, the Bureau of Prisons has properly denied his request and is unlikely to shift its position on the matter.

3

*Good Conduct Credit*
*18 U.S.C. §3624*

The relevant statute provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . .

18 U.S.C. §3624. While it is clear that credit is accrued up to 54 days per year for each year served, it appears petitioner has interpreted the provision, "beyond the time served" to mean that he should receive credit based on the term of his original sentence, not just the years of the sentence he is serving. There is, however, no case law to support his interpretation, including the <u>Barber</u> case he cited in support of his petition.

To the contrary, current case law presumes that credit is earned only for the years in which the prisoner is actually incarcerated. <u>See</u> <u>Petty v. Stine</u>, 424 F.3d 509 (6th Cir. 2005)(affirming district court decision holding that credit should be awarded based on the sentence imposed, not the time actually served); <u>Trevino-Casares v. U. S. Parole Comm'm</u>, 992 F.2d 1068,1072 (10th Cir. 1993)( "the application of service credits is governed by §18 U.S.C. 3624(a), which indicates, uncontroversially, that such credits are applied to the sentence of confinement the prisoner is serving"); <u>see</u> <u>also</u> <u>Mistretta v. United States</u>, 488 U.S. 361, 367 (1989). Therefore, petitioner has failed to establish any basis upon which this court can grant his requested relief.

*Conclusion*

Based on the foregoing, Mr. Valencia's Motion to Proceed <u>in</u> <u>forma</u> <u>pauperis</u> is

granted and this petition is dismissed pursuant 28 U.S.C. § 2243.  The court certifies, pursuant to 28

U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Donald C. Nugent  10/7/10

DONALD C.  NUGENT
UNITED STATES DISTRICT JUDGE

---

[1]The statute provides: "An appeal may not be taken in forma pauperis if the trial court certifies that
it is not taken in good faith." 28 U.S.C. § 1915(a)(3).